## The People v. Charles E. Taylor.

*Criminal law—Preliminary instructions to jury panel—Larceny— Evidence.*

1. It is entirely proper for the circuit judge to caution the jurors at the beginning of the term against talking with any person about any case that is to be tried, or listening to any conversation between others in regard thereto.

2. In a prosecution for entering a barn in the day time, with intent to commit the crime of larceny, the evidence tended to show that the stolen property (12 fleeces of wool) was in the barn at 9 o'clock on the previous night, when the doors were closed and fastened; that about sunrise the owner went to the barn, and found that 12 of his best fleeces of wool had been stolen, the remaining fleeces being scattered over the barn floor; that a horse and buggy had been driven into the bush a short distance from the barn, the horse hitched and fed; and that the respondent drove to the house of one of the people's witnesses after daylight of the morning of the day on which the larceny was committed, and asked to put some bags in a room therein. And it is held that the evidence fairly tended to

show that the entry was made after daylight, and that it was a question for the jury; citing *People v. Howard,* 50 Mich. 240.

3. The identification of the stolen property is held to have been complete.

4. Testimony of confessions made by respondent, if shown to have been voluntarily made, is competent, and its weight is for the jury.

Error to Kalamazoo. (Buck, J.) Argued November 17, 1892. Decided December 2, 1892.

Respondent was convicted of entering a barn in the daytime, with intent to commit the crime of larceny, and sentenced to the State prison for 2 years and 9 months. Conviction affirmed. The facts are stated in the opinion.

*Elmer E. Smith,* for respondent.

*A. A. Ellis,* Attorney General, and *L. N. Burke,* Prosecuting Attorney, for the people.

GRANT, J. The respondent was convicted of the crime of entering the barn of one Hugh Frazier, in the daytime, with intent to commit the crime of larceny. Twelve fleeces of wool were stolen from the barn. The evidence on the part of the people convinced the jury of the defendant's guilt. It was sufficient to sustain the verdict if the jury believed the witnesses, and it is evident that they did.

Certain errors are alleged, which will now be considered.

1. At the opening of court, on the first day of the term, the names of the jurors were called, and the judge gave them some preliminary instructions on their duties as jurors. These instructions were entirely proper, and there was nothing in them which could by any possibility tend to prejudice the respondent in this case, or the rights of any litigant. It is entirely proper for the judge to caution the jurors at the beginning of the term that they should

not talk with any person about any case that is to be tried, nor listen to any conversation between others in regard thereto. The instruction in this case contained this caution, and others of like import.

2. It is next insisted that the proofs do not show that the crime was committed in the day-time. Mr. Frazier was in his barn at 9 o'clock on the night previous, and shut and fastened the doors. The wool was then in the barn. He testified that he went to the barn about sunrise, and found that 12 of his best fleeces had been stolen. The others were scattered over the floor. An investigation showed that a short distance from the barn a horse and buggy had been driven into the bush, the horse hitched, and fed with hay. It was a fair inference that the horse had stood there for some time. It was argued by the prosecuting attorney that the horse was driven to this secluded place in the night, and left there to await daylight, in order that the thief might see to select the best fleeces. There was also evidence that the respondent drove to the house of one of the witnesses after daylight of that morning, and asked to put some bags in a room in his house. We cannot say that this evidence did not fairly tend to show that the entry into the barn was made after daylight. The question was one for the jury, and their verdict is conclusive. *People v. Howard,* 50 Mich. 240.

3. Defendant's counsel contends that there was no sufficient identification of the property stolen. Twelve fleeces were taken. Twelve fleeces were found in the possession of the respondent on the next day. He took them to a wool dealer to sell. When asked his name, he gave it as Young. Meanwhile notice had been given to the wool dealers in the vicinity of the larceny of these fleeces. The wool was left with the dealer to whom respondent had sold it. He was then and there informed that 12 of Mr. Frazier's fleeces had been taken. He immediately acknowledged that he had

taken them, and desired to settle the matter up without further trouble. After his arrest, he made no effort to recover the wool or its value, and Mr. Frazier, upon an order of the sheriff to the wool dealer, received payment for it. The identification was complete.

4. Several witnesses testified to confessions made by the respondent. The evidence on the part of the people tended to show that these confessions were made voluntarily, and not under any threats, duress, or promises. Their testimony was competent. Its weight was for the jury.

The charge of the court was unusually full and fair, and included all the instructions necessary to secure a careful consideration of the facts by the jury.

Conviction affirmed.

The other Justices concurred.