PEOPLE v. TRACY.

BURGLARY—EVIDENCE. ·

Upon a prosecution for burglary, evidence that a set of harness, a bridle, and large horse blankets belonging to the complaining witness, a farmer, living 20 and 40 rods, respectively, from his nearest neighbors on either side, were in his barn when night set in, and were gone when he went to do the chores early in the morning, but after daylight, is sufficient to support a finding that the taking was in the night-time.

Exceptions before judgment from Hillsdale; Chester, J. Submitted June 22, 1899. Decided September 19, 1899.

Willis F. Tracy was convicted of burglary. Affirmed.

The information in this case contains two counts, the first charging burglary and the second larceny. Respondent was convicted on the first count, which alleged the commission of the crime on October 28, 1896. The property stolen consisted of two large horse blankets, a set of single harness, a bridle, and a pair of hopples. The property was in the buildings when night set in. The

owner rose early in the morning, and the property was gone. In March, 1898, some of the property was found secreted on respondent's premises, and the people produced testimony tending to show that it had been used by him, and that when it was found he denied ever having seen it before. He gave testimony tending to prove an alibi. The jury must have found that this testimony was false, and that the witness who gave it committed perjury. The owner of the property was a farmer. Another farmer lived within 20 rods on one side, and another within 40 rods upon the other side.

*Stone & Twiss* and *Fred L. O'Melay*, for appellant.

*W. H. Frankhauser*, Prosecuting Attorney, for the people.

Grant, C. J. (*after stating the facts*). It is contended that there is no evidence that the crime was committed in the night-time. While the *locus* of this crime was not in a city, as was the case in *People* v. *Dupree*, 98 Mich. 28, yet we think that case controls this. The owner testified that he did his chores early in the morning, but it was after daylight, and he then discovered that the property was gone. The property was bulky, and it is not probable that one would run the risk of breaking into a building situated as these were, in daylight, and of carrying away property of this character. The chance of detection would be too great. The question was for the jury.

While counsel for respondent argue other phases of the case, they close their brief by stating that there is, after all, but this one question in the case. We agree with them, and refrain from discussing the other points.

The conviction is affirmed, and, if sentence has not been imposed, the case will be remanded, with instructions to proceed to sentence.

Montgomery, Hooker, and Moore, JJ., concurred. Long, J., did not sit.