PEOPLE *v.* HAMMOND.

1. Criminal Law—Soliciting Bribe.

The solicitation of a bribe by a member of the legislature is a complete common-law offense, though the person solicited refuses to co-operate.

2. Same—Indictment—Statement of Offense.

An indictment charging that respondent, while acting as a legislator, did, at a certain time and place, corruptly solicit a certain person to give him a sum of money, with intent to influence his vote upon a bill pending in the house of representatives, is not defective for being argumentative, and failing to state the means or words used in soliciting.

3. Telegrams—Secondary Evidence.

Parol testimony is admissible to prove telegrams where it appears that the telegraph company has destroyed the originals.

4. Same—Presumptions—Performance of Duty.

It will be presumed that those in charge of receiving and transmitting telegrams perform the duties intrusted to them.

5. Same—Answers as Evidence.

Where the original telegram has been destroyed by the company, a telegram received as and purporting to be an answer is admissible in evidence.

6. Witnesses—Indorsement of Names on Indictment.

The failure of the foreman of the grand jury to indorse the name of a witness upon an indictment is not sufficient reason for excluding his testimony, where respondent has had fair notice that the witness will be sworn.

7. Criminal Law — Argument of Prosecutor — Failure of Respondent to Testify.

A statement by the prosecuting attorney in his argument to the jury, that the people's witnesses stand undisputed, does not infringe the rule forbidding the prosecutor to comment on the fact that the respondent was not made a witness.

8. Same—Charge of Court.

A statement by the prosecutor that "defendant's counsel, when he said the people's witnesses and God were the only ones who knew the contents of the telegrams, forgot his client, whom

it is alleged the telegrams were sent to, and who it is claimed sent one of them," was not error, where the court charged the jury that the fact that respondent did not take the stand in his own behalf should not weigh against him. MOORE, J., dissenting.

Exceptions before judgment from Ingham; Wiest, J. Submitted June 5, 1902. (Docket No. 99.) Decided March 23, 1903.

D. Judson Hammond was convicted of soliciting a bribe. Affirmed.

*Henry M. Zimmermann* and *William D. Gordon* (*R. A. Montgomery*, of counsel), for appellant.

*Horace M. Oren*, Attorney General, and *Arthur J. Tuttle*, Prosecuting Attorney (*Watts S. Humphrey*, of counsel), for the people.

MONTGOMERY, J. The respondent was convicted under an indictment which, after reciting that he was duly elected and qualified as a member of the legislature, and that a certain measure was pending before the legislature, charges the offense as follows:

"While said bill was still pending in and before said house of representatives as aforesaid, and on, to wit, the 23d day of May, A. D. 1899, at, to wit, the county and State aforesaid, the said D. Judson Hammond, so being such legislative officer, sitting and acting as such, well knowing the premises, and that he would be called upon in his official capacity to give his vote, opinion, and judgment upon the said senate bill No. 261, file No. 49, and contriving and intending to betray the confidence and trust reposed in him as such legislative officer, did corruptly solicit one James Coye to corruptly give him, the said D. Judson Hammond, so being such legislative officer as aforesaid, and while he was sitting and acting as such, a certain gift and gratuity of a certain sum of money, to wit, five hundred dollars in money, of the value of five hundred dollars, with intent to influence his, the said D. Judson Hammond's, act, vote, opinion, decision, and judgment on a certain matter, question, cause, and proceeding then pend-

ing before the said house of representatives, and which might by law and was liable by law to come and be brought before him, the said D. Judson Hammond, in his official capacity as such representative as aforesaid, to wit, on the said senate bill No. 261, file No. 49, entitled as aforesaid."

The case is brought here for review before sentence.

1. It is strenuously contended that the indictment charges no offense known to the laws of this State. It is conceded by the learned counsel for the State that there is no statute defining the offense set out in the indictment, but it is contended that the case falls within the statute (3 Comp. Laws, § 11795) providing for the punishment of offenses indictable at the common law. In other words, it is claimed that the indictment sets out an offense at the common law. Respondent's counsel assert that solicitation to commit a crime is not indictable when there is interposed between the solicitation on the one hand and the proposed illegal act on the other the resisting will of another person, which other person refuses assent and co-operation; citing, among other cases, *McDade* v. *People*, 29 Mich. 50, and *Smith* v. *Com.*, 54 Pa. St. 209 (93 Am. Dec. 686).

It may be accurate to say that what is treated in the law as an *attempt* to commit a crime is not complete where there is interposed between the solicitor and the consummation of the completed offense the resisting will of the one whom the solicitor seeks to employ as the active agent. But to say that a solicitation may not amount to an offense under these circumstances is to deny that a solicitation to commit a felony is punishable at the common law as a substantive and completed offense. Can this be properly asserted?

In 1 McClain, Crim. Law, § 220, it is stated:

"The form of intent which perhaps involves the least degree of criminality is that of a solicitation of another to do an act which, if done, would constitute a crime; and such solicitation is generally held to be punishable as a misdemeanor, although the offense solicited is never committed."

Mr. Wharton states the rule differently, as follows:

"Are solicitations to commit crime independently indictable? They certainly are, as has been seen, when they in themselves involve a breach of the public peace, as is the case with challenges to fight and seditious addresses. They are also indictable when their object is interference with public justice, as where a resistance to the execution of. a judicial writ is counseled, or perjury is advised, or the escape of a prisoner is encouraged, or the corruption of a public officer or a witness is sought, or invited by the officer himself." 1 Whart. Crim. Law, § 179.

The precise question here involved was decided in *Walsh* v. *People,* 65 Ill. 58 (16 Am. Rep. 569). The opinion of the court is well reasoned, and, as we think, unanswerable. It was there held that requesting a bribe should be treated as an inciting to offer one, and hence a solicitation to commit an offense. It is clear that under our statute the offer of a bribe is not only an offense, but a felony. 3 Comp. Laws, § 11311. We are cited to *Hutchinson* v. *State,* 36 Tex. 293, which is opposed to *Walsh* v. *People.* But the *Hutchinson Case* is not reasoned, nor are the authorities reviewed. The case of *Com.* v. *Randolph,* 146 Pa. St. 83 (23 Atl. 388, 28 Am. St. Rep. 782), is an instructive case on this subject, and not only distinguishes *Smith* v. *Com.,* 54 Pa. St. 209 (93 Am. Dec. 686), cited by respondent's counsel, but sustains the text of Wharton above cited. See, also, *Com.* v. *Flagg,* 135 Mass. 545.

2. It is contended that the indictment is argumentative. The substance of the indictment is quoted above. We think it not open to the objection raised. It is not necessary that the indictment set forth the testimony. The form adopted is quite as full as that given in 1 Archb. Crim. Pr. & Pl. 20, or as that upon which a conviction was had in *Rex* v. *Higgins,* 2 East, 5.

3. The evidence of the prosecution tended to show that, in a conversation had with one James A. Coye in the capitol at Lansing, the respondent, in effect, proposed to kill the bill then pending before the legislature and men-

tioned in the indictment, if paid $500. The prosecution further proved by parol that on his return to Grand Rapids Mr. Coye sent a dispatch to respondent by telegraph, reading substantially:

"Your proposition staggers my friends. They will communicate with their associates. Is your proposition the very least that you will take? Answer."

It was also proved by parol that, within a short time after this dispatch was sent, a reply was received, purporting to be sent by the respondent, and reading, "The very least, and must have answer quick." It was objected to this testimony that proper foundation was not laid for the introduction of parol testimony, and that there was no testimony to connect the respondent with the second telegram, or to show that he was the sender of it. As to the first objection, we think it sufficiently appeared that the original telegrams were destroyed by the company long before the trial, and that it follows that secondary evidence was admissible.

Whether the telegram purporting to be an answer to the one sent by the witness Coye was admissible without direct proof that it was sent by the respondent is a question by no means free from doubt. The authorities are not agreed, and, as the question is presented to the court for the first time, it must be determined upon principle. In *Howley* v. *Whipple*, 48 N. H. 487, which is the leading case supporting the contention of respondent's counsel, it was held that the fact that a telegram purported to be an answer to one sent was not sufficient to admit it in evidence. In that case the court held that the original signed message was the best evidence, and it would appear from a reading of the report of the decision that it was not shown that this original was destroyed. This case was, however, followed, and the same ruling made, in a case where it was shown that the original was destroyed, in *Smith* v. *Easton*, 54 Md. 138 (39 Am. Rep. 355). It was there held that evidence of the handwriting of the

original message, or at least of its delivery to the first operator, is essential.

On the other hand, courts of equal respectability have likened telegrams to letters, and have held that purported answers are admissible as *prima facie* evidence.     It is well settled that when a letter is received in due course of mail, purporting to be in response to the letter previously sent by the receiver, it is presumptively genuine and admissible.     *Armstrong* v. *Thresher Co.*, 5 S. Dak. 12 (57 N. W. 1131); *People's Nat. Bank* v. *Geisthardt*, 55 Neb. 232 (75 N. W. 582); *Melby* v. *Osborne*, 33 Minn. 492 (24 N. W. 253); 1 Greenl. Ev. § 573*a;* 2 Whart. Ev. § 1328. The principle upon which these cases rest is that there is a presumption that those in charge of receiving and transmitting mail perform the duties intrusted to them, and this, coupled with the fact that the letter received on its face purports to be a reply to the one sent, and coming from the source from which it might be expected, raises a just inference that it is in fact a reply.     We see no good reason why this same presumption of the performance of duty should not obtain as to the employés of a telegraph company.     A large portion of the business of the country is transacted through the medium of such agencies, and, while it is true that mistakes sometimes occur, it is also true that the postal service is not infallible.     It was held in *Com.* v. *Jeffries*, 7 Allen, 556 (83 Am. Dec. 712), that there is a presumption that when a telegram has been delivered to the telegraph company, and accepted by the operator for transmission, it is duly forwarded and received by the addressee.     If this presumption obtains, what is to be inferred from the receipt of an answer to such a communication ?     Is it any less strong than is the receipt of an answer by mail to a letter ?     We think it is no stretch to say that a presumption arises that such answer was in either case sent by the original addressee. This was held in the recent well-considered case of *Western Twine Co.* v. *Wright*, 11 S. Dak. 521 (78 N. W. 942, 44 L. R. A. 438).     We are satisfied with the reasoning of

this case and follow it. See, also, *Taylor* v. *Steamer Robert Campbell*, 20 Mo. 254.

4. Witnesses whose names were not indorsed upon the indictment were sworn, against the objection of respondent's counsel. Two of these witnesses were not sworn before the grand jury; one was, but his name was inadvertently omitted from the indictment. The statute (3 Comp. Laws, § 11893) provides for the presenting to the court by the foreman of the grand jury of the indictment, with the names of the complainant and all the witnesses indorsed on the back thereof. The duty of indorsing names of witnesses upon an *indictment* is not imposed upon the prosecuting attorney, except as it is made his duty to attend upon the grand jury and prepare indictments. See *Hill* v. *People*, 26 Mich. 496. Section 11934, 3 Comp. Laws, relates to informations, and contemplates that the prosecuting attorney shall indorse on the information, at the time of filing the same, the names of all witnesses then known to him. It was held in *People* v. *Howes*, 81 Mich. 396 (45 N. W. 961), that the fact that the name of a witness known to the prosecuting attorney was inadvertently omitted did not authorize the prosecuting attorney to make the indorsement on the trial. In the present case, the proceeding being by indictment, no indorsement by the prosecuting attorney was proper after the indictment was filed. Should the failure of the foreman to make the indorsement be held to exclude the testimony wholly? True, it ought not to be permitted that the respondent be taken by surprise, but, if the respondent has fair notice of the purpose to use such witnesses, we think the spirit of the statute is complied with. Such notice was given in this case.

5. Some questions are raised as to the admission of testimony offered by the prosecution and the rejection of testimony offered on behalf of the respondent. We have given careful attention to the arguments of respondent's counsel upon this branch of the case, but we are not satisfied that any error was committed in either respect.

6. Complaint is made of the argument of the prosecuting attorney, and it is claimed that it infringed the rule of the statute which forbids comment by the prosecutor upon the fact that the respondent is not made a witness. The substance of the prosecutor's argument was that the testimony of the people's witnesses stood undisputed. This, we think, is not open to just criticism. It is true that, in addition to this statement, counsel, in closing the case to the jury, said:

" Defendant's counsel, when he said that the people's witnesses and God were the only ones who knew the contents of the telegrams, forgot his client, whom it is alleged the telegrams were sent to, and who it is claimed sent one of them."

This argument appears to have been directly in response to a statement by respondent's counsel. We are not, therefore, prepared to hold that it was error, particularly in view of the fact that the jury were instructed that the fact that the respondent did not take the stand in his own behalf should not weigh against him in any manner.

The charge of the court fully and fairly submitted the case to the jury, and we think is not open to just criticism.

The conviction will be affirmed, and the court below directed to proceed to sentence.

HOOKER, C. J., and GRANT, J., concurred with MONTGOMERY, J.

MOORE, J. ( *dissenting in part* ). As stated by Justice MONTGOMERY, the authorities are not agreed as to whether the indictment charges an offense known to the laws of this State, nor are they agreed as to the admissibility of the telegrams without first showing that Mr. Hammond sent them. I agree with him that the weight of authority and the better reasoning sustain his disposition of these two questions; but I cannot agree with him in his conclusion that the argument of the prosecuting officer was not harmful. The record discloses the following:

"Now, speaking of the telegrams, I want to call your attention—and I should not call your attention to this fact if it had not been for the gentleman who represents the defendant in this case making the assertion. He says that those men took the stand, and testified to the substantial contents of those telegrams. He said he should argue to you that there was no use disputing it, because he said they alone and God are the only ones who know what was in the telegrams; they and God alone are the only ones that know. My brother forgot his client, whom it is alleged the telegrams were sent to, and who it was alleged sent one of them.

"*Mr. Zimmermann:* I take an exception to that remark.

"*Mr. Humphrey:* I am simply answering the argument he made, which is not a true statement of the evidence in the case, and the jury know to the contrary, and know that the argument made by the gentleman is not true.

"*Mr. Gordon:* I desire to enter a formal exception to the argument of counsel, who are stating that some one besides the witness and God Almighty knows about the telegrams, and calling the attention of the jury to the fact that my client, the defendant, possibly does, and presuming his guilt; and I take an exception to the remark of counsel.

"*Mr. Humphrey:* If I said any such thing, I have simply said it in answer to their argument when they say that these men and God Almighty are the only ones that know the contents of that telegram; that if the evidence is true, and those telegrams were sent, there is another man knows."

The plea of not guilty interposed by defendant made it the duty of the people to prove his guilt beyond a reasonable doubt, and it is difficult to see how this could be done in this case without showing by proof beyond a reasonable doubt that Mr. Hammond wrote and sent the telegrams. His plea denied that he had done so. The argument of the counsel is based entirely upon the assumption that Mr. Hammond had knowledge of these telegrams, and the only possible purpose of making the statement was to call the attention of the jury to that fact, and that Mr. Ham-

mond did not state what he knew about it, and that he would do so if the inference drawn by the counsel from the evidence offered on the part of the people was not true. The circuit judge did not at once say the argument of counsel was contrary to the provisions of the statute, but left the effect of the argument with the jury until he gave them his charge. The statute (3 Comp. Laws, § 10211) which authorizes one accused of crime to be a witness has this proviso:

"*Provided,* however, that a defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect."

This language is not ambiguous. The argument of counsel is not excusable upon the ground that his zeal has led him to draw inferences from the testimony not warranted by it, the effect of which has been at once corrected by the circuit judge, but it called the attention of the jury to the fact that accused was not sworn, and the statute says this shall not be permitted. The mischief done to the accused in the minds of the jurors by such an argument cannot be repaired by giving a written request to charge, any more than you can cure the effect of throwing into the air a handful of thistle down by attempting to pick up the seeds. I do not see how the case can be distinguished from the recent case of *People* v. *Payne,* 131 Mich. 474 (91 N. W. 739).

For the reason stated, the verdict should be set aside, and a new trial ordered.