### JOHN BROWN v. THE STATE.

No. 3064. Decided November 30, 1904.

**1.—Theft of Horse—Argument of Counsel—Defendant as a Witness.**

Where the bill of exceptions did not show the connection in which State's counsel may have used the language imputed to him to wit: "If you have any innocent explanation to make, why don't you give it," the court cannot presume that he referred to defendant or to his failure to testify in the case.

**2.—Charge of the Court—Contemporaneous Crime.**

While the court is required to limit contemporaneous theft, yet there must be some testimony showing such contemporaneous theft.

**3.—New Trial—Bill of Exceptions—Objectionable Testimony.**

Unless there was reserved a bill of exceptions and there is something in the record that objectionable testimony was admitted, it cannot be set up in the motion as a ground for new trial.

**4.—Charge of the Court—Defendant as a Witness.**

Where it is not shown that any reference was made to defendant's failure to testify, a charge on this subject, though not as full as the statute, does not suggest reversible error.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

No statement required.

No briefs for either party.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of a horse, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

There is but one bill of exceptions in the record, and that is as follows: "While the county attorney was closing the case for the State, he

made use of the following remarks in addressing the jury, 'If you have any innocent explanation to make, why don't you give it.'" Appellant objected to this argument, on the ground, as stated by the bill, "that said argument and remark was a direct reference and allusion to the failure of the defendant to testify in his own behalf." We are not informed by the bill the connection in which counsel for the State may have used the language imputed to him; nor is it shown that he made any demonstration as pointing to defendant, thus designating the party whom he called upon for an explanation. Such a remark, as that attributed to the county attorney, may have been directed to defendant's counsel, may have been very properly addressed to him in argument, and the challenge to him to furnish from the record some explanation of appellant's innocence. In the absence of some showing in the bill that State's counsel referred to appellant in said remark, we do not feel authorized to presume that he referred to him or to his failure to testify in the case.

In the motion for new trial, appellant assigns as error the failure of the court to limit the testimony with regard to the Sayers' horse. There was some testimony from the witness Bob Miller with regard to the fact that Sayers came to the city pound and identified one of the horses that Bob Miller had carried there from the Arizona saloon. There is no testimony, so far as we are advised, that this horse, claimed by Sayers, was stolen from him; while the court is required to limit contemporaneous theft, yet there must be some testimony showing such contemporaneous theft.

It is also objected in motion for new trial, that witness Sayers was permitted to testify to the theft and recovery of his horse, as shown in bill of exceptions number 1. There is no such bill in the record, and there is nothing showing that Sayers testified to the theft of that horse.

Appellant complains of the refusal of the court to give in charge to the jury his special requested charge number 1. This charge, as appears from the record, relates to the statement made by the county attorney in his closing argument as before referred to; and under the view heretofore expressed with reference to said argument, it was not necessary for the court to charge on that subject.

Nor do we think the court was required to charge with reference to any explanation. The fact that appellant may have told witness Gorman, that some other person would have to make a bill of sale of the horse did not require a charge on that subject.

The court's charge on the failure of defendant to testify is also complained of. While the court might have gone farther and instructed the jury that no reference or allusion could be made to the same, yet it is not shown that any such reference was made to his failure to testify. So, the charge, though not as full as the statute, does not suggest reversible error. There being no error in the record, the judgment is affirmed.                                        *Affirmed.*