### JESSE WOOTEN v. THE STATE.

No. 3146. · Decided May 30, 1906.

**1.—Theft of Hog—Absence of Defendant—Announcement of Ready for Trial— Practice.**

Where after conviction for felonious theft the defendant filed his motion for new trial supported by affidavit, setting up as a cause for a new trial that the court had required him to announce ready for trial in his absence, and there was no application for postponement or continuance, and the matter was not presented by bill of exceptions, there was no error; besides the statement of the court showed that no action was really taken in the absence of defendant.

**2.—Same—Argument of Counsel—Defendant's Failure to Testify.**

Where the district attorney challenged the defense to explain certain testimony offered by the State and that it had failed to rebut such evidence, such argument had no reference to the failure of defendant to testify.

**3.—Same—Circumstantial Evidence.**

See opinion sustaining a conviction of the theft of a hog on circumstantial evidence.

Appeal from the District Court of Henderson. Tried below before the Hon. B. H. Gardner.

Appeal from a conviction for the theft of a hog; penalty, two years in the penitentiary.

The State's testimony showed that the head of a hog, feet and entrails were found in a sack in the creek, together with some old iron; that by the head of the hog and the meat found in defendant's house the hog was identified as that of one of the neighbors of defendant; that the tracks from the house of the defendant to the place where the sack was found showed that the person who made them had no heels on his shoes, and it was found that defendant wore shoes without heels on the day he was arrested. There were also some other circumstances of identification of the hog killed and defendant's connection with the taking.

*Miller & Royall,* for appellants.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of hog theft, and his punishment fixed at two years confinement in the penitentiary; hence this appeal.

In the motion for new trial appellant says that the court required him to announce ready for trial in his absence. This is supported by a number of affidavits. It appears that the case was called, and the State announced ready; that appellant did not come into the courtroom for several minutes after the State announced ready for trial; and the defendant's attorney was required to announce ready; that at the time defendant was outside the courtroom, over in the business part of Athens, about twenty-five yards from the courthouse, when defendant's counsel was required by the court to make his announcement and did announce ready for trial. The court explains this matter in this wise: "When this case was called for trial, the court asked, if the defendant was in the courtroom. Some one answered in the affirmative. Noticing that defendant's attorneys were not in the courtroom, the sheriff was directed to call Mr. E. P. Miller the senior attorney for defendant, from the window. About the time that Mr. Miller came in, the district attorney stated he thought the State was ready for trial, but would want some time to talk with the witnesses, as he was not familiar with the case, and retired with the witnesses to a room for consultation. Mr. Miller objected several times to the district attorney being permitted to remain so long closeted with the witnesses, but while waiting for the district attorney the court noticed

that defendant had not come inside the bar, as was the custom, and learned for the first time that defendant was not in the courthouse. The court remarked that nothing could be done without the defendant, and was making inquiry as to what had become of defendant, and why he was not in court. Mr. Miller said, 'The defendant is here,' and told some one in the courtroom to tell 'Jesse' (meaning defendant) to come into the courthouse. As there was some delay in the defendant's showing up, the court inquired as to defendant's bond; and Mr. Miller, who was on defendant's bond, made some excuse for defendant's absence; but stated, he would be here in due time, or words to that effect, and that he was expecting him every minute. As the district attorney continued in consultation with the witnesses, the court stated to Mr. Miller, that he would assume the State was ready, and that he could see if he was ready for the defendant. Mr. Miller asked permission to talk to all the State's witnesses, which request was granted him. He then talked to the witnesses and announced he would be ready, provided the court would indulge him in the event his witnesses were not present when needed. Finally, the defendant came, or was brought into court, and then the attorneys proceeded to interrogate the jury, and no objection or exception was made or saved to the defendant's not being in court when the announcement of ready was made; but, on the other hand, the court made special efforts to get the defendant in court, such as having him called from the window, and more than once sending deputy sheriffs to look him up and bring him into court, and going so far as to order an alias capias if he (defendant) did not show up soon. The court at the time was informed that when the case was called, defendant left the courtroom presumably to go to the office of his attorney to let him know the case was called. There was no desire on the part of the court to do anything in the absence of the defendant. On the other hand, it seems that the defendant's attorney was desirous of making a point on the court without giving any warning or notice of such intent." It occurs to us that this matter should have been presented in an appropriate bill of exceptions. But, even if we could consider it as presented, the statement of the court sufficiently disposes of the matter. Nor is there any clash, as we understand it, between this explanation of the court and the affidavits made by appellant. No action was really taken in the absence of appellant. When he was brought into court, if he had made any application for postponement or for continuance, or any other preliminary motion, no doubt it would have been entertained by the court. Nothing of this character occurred, and we see no prejudice in the action of the court.

Appellant reserved a number of exceptions to the action of the court as to various matters, but we see no error as to any of these exceptions to the prejudice of appellant, and we do not deem it necessary to discuss them.

Appellant has filed what he terms a "special exception." In this

he embraces certain remarks of the district attorney in his speech to the jury, as follows: "Here is another circumstance: those heelless shoes. How have they undertaken to rebut that evidence offered here by the State? They failed to offer any testimony explaining, and we challenge them to explain. Those tracks leading from where that sack was found in the water up to the door of his house. How do they explain that stove-door and smoothing-iron found in the sack? Now, do they undertake to rebut that evidence?" To which remarks defendant's attorney excepted because the same referred to the defendant's failure to testify in the case. The court explains this as follows: "That the reason for the exception was not stated at the *time* the exception was made, but the court understood the reason for the exception, and makes no point on the time when the reason was stated (except to show that the jury did not hear the reasons). The court further shows that this case was tried before the regular jury for the week, and on Monday morning when the jury was empaneled the jurors were instructed fully not to consider or discuss or even mention the failure of a defendant to testify." We do not understand the above has any reference to the failure of appellant to testify.

We have examined the record carefully, and cannot agree with defendant that the testimony is not sufficient to sustain the verdict of the jury. It was a case of circumstantial evidence, and without here reviewing the circumstances proved on the part of the State which tended to establish appellant's guilt, we think they are ample. The judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.