## PEOPLE *v.* BRYAN.

1. CRIMINAL LAW—TRIAL—CROSS-EXAMINATION.

A respondent, charged with larceny, who offered herself as a witness in her own defense, became subject to the same latitude, on cross-examination, as other witnesses, and it was within the discretion of the trial judge to permit the prosecutor to inquire into crimes committed by her after the offense charged, and to show her associations and character.

2. SAME—CHARGE.

    The court did not err in charging the jury, upon the testimony
      of complaining witness, that it was not disputed that he had
      the money, that he was in the place where he charged re-
      spondent robbed him, or that he was robbed by a colored
      woman, leaving to the jury only the question in dispute,
      whether respondent committed the offense.

Error to the recorder's court of the city of Detroit; Phe-
lan, J. Submitted June 13, 1912. (Docket No. 139.)
Decided July 10, 1912.

Helen Bryan was convicted of larceny. Affirmed.

*Hugh Shepherd*, Prosecuting Attorney, and *George
A. Kelly*, Assistant Prosecuting Attorney, for the people.

*James R. Neill*, for respondent.

MOORE, C. J. The respondent was tried and convicted
in the recorder's court for the city of Detroit under an in-
formation charging larceny from the person. The case is
brought here by writ of error.

The assignments of error may be grouped as follows:

(1) Because of the fact that counsel for the people was
permitted to show other crimes subsequent to the one
charged in the information.

(2) Because of the scope of the cross-examination of
the respondent, in which counsel for the people was per-
mitted to go into the life of the respondent, showing her
associations and character.

(3) Because of the charge of the court.

We will take up these groups in the above order.

1. These assignments of error are not sustained by the
record; on the contrary, the court ruled that a subsequent
offense could not be shown.

2. The respondent was a witness in her own behalf.
When she became a witness she thereby became subject
to the same latitude in cross-examination as other wit-
nesses. The trial judge did not abuse his discretion in
this respect. *Wilbur* v. *Flood*, 16 Mich. 40 (93 Am.

Dec. 203); *Comstock* v. *Smith,* 20 Mich. 338; *Barnett* v. *Insurance Co.,* 115 Mich. 247 (73 N. W. 372).

3. That part of the charge about which complaint is made is as follows:

" It is not disputed that he had that amount of money in his possession, or that he was in the neighborhood of Brush and Beacon streets, on the night he claims he was robbed. Neither is it disputed that he was robbed, and it is not disputed that he was (not) robbed by a colored woman."

The record shows this portion of the charge of the judge to be true. The complaining witness swore to these facts, and no one contradicted him. See *People* v. *Hawkins,* 106 Mich. 479 (64 N. W. 736). It was not until the question arose as to who took his money that a dispute arose. As to that question and all disputed questions they were left to the jury; the court instructing them correctly as to the law applicable thereto.

We discover no error in the record.

The conviction is affirmed.

STEERE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred. BLAIR, J., did not sit.