PEOPLE *v.* DANENBERG.

1. CRIMINAL LAW—TIME—EVIDENCE.

The time of committing the alleged offense of taking property from a boat in the daytime was not a question to be determined by the court, under evidence that tended to support the information.

2. SAME—TRIAL—CROSS-EXAMINATION—EXTENT.

It was not erroneous to permit the prosecution to question respondent, who took the stand in his own behalf, concerning his character, associations, and offenses committed subsequent to the crime alleged.

3. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW—EXCEPTIONS.

In order to review alleged objectionable argument of the prosecuting attorney, in a criminal case, it is essential to make objection and obtain a ruling of the court.

Error to Saginaw; Gage, J. Submitted June 13, 1913. (Docket No. 125.) Decided July 9, 1913.

Joseph Danenberg was convicted of larceny from a boat in the daytime. Affirmed.

*James P. Devereaux,* Prosecuting Attorney, and *B. J. Vincent,* Assistant Prosecuting Attorney, for the people.

*Gallup, Rogner & Gallup,* for respondent.

MCALVAY, J. Respondent was convicted and sentenced in the circuit court for the county of Saginaw upon an information under section 11550, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14596), charging him with larceny of a spark coil from a boat in the daytime.

The record shows the following material facts: The boat containing the spark coil which is claimed

to have been stolen was, on a certain Saturday afternoon in April, 1912, left by its owner in a boathouse on the Saginaw river in the city of Saginaw, which boathouse was securely locked and fastened, between the hours of 4 and 4:30 o'clock, while it was yet daylight. Upon the following morning the owner went to this boathouse between 8 and 8:30 and found the door on the land side broken open and the doors on the end toward the river, which had been securely fastened by a wooden bar, unfastened and wide open. The engine in the boat had been partially dismantled by the use of tools which were kept by the owner in a tool chest in the boathouse, and the spark coil, which was securely fastened by screws to the side of the boat, had been disconnected and taken away. Afterward this spark coil was found by the owner under a canvas in the boat of respondent in or near the same slip, and on the other side of the property from the boathouse from which it was stolen. The owner called a policeman at once, and while they were taking the property from respondent's boat he appeared and after some conversation in regard to the spark coil he was arrested and taken to the police station where complaint was made in the case and a warrant was issued against him. The trial of respondent followed with the result already stated.

Upon a writ of error he brings the case to this court for review upon errors assigned, which he insists require a reversal. The errors assigned may be grouped and discussed under three heads:

(1) As to the time of the commission of the offense.
(2) As to the cross-examination of the defendant.
(3) As to the argument of prosecutor.

1. The first contention of respondent is that there was no evidence in the case to support the charge in the information that the spark coil was taken during the daytime. It will not be necessary to give an

abstract of the testimony bearing upon this proposition. The question was submitted to the jury under a careful charge, and the jury found against the contention of respondent. It was a question of fact, and not one to be determined by the trial court as a question of law. The location of this boathouse appears from the record to have been some distance from houses which were occupied and all its doors were found open. This and other evidence in the record support the finding of the jury that the breaking in and stealing occurred during the period legally known as daytime. *People* v. *Taylor,* 93 Mich. 638 (53 N. W. 777) ; *People* v. *Tracy,* 121 Mich. 318 (80 N. W. 21) ; *People* v. *Dupree,* 98 Mich. 26 (56 N. W. 1046).

2. The respondent was sworn as a witness in his own behalf and upon cross-examination was questioned relative to his associations and character and also as to offenses committed after the offense charged. The rule that one who offers himself as a witness in his own behalf in a criminal case may, upon these matters, be cross-examined with the same latitude as other witnesses, within the discretion of the court, has been declared by this court. *People* v. *Bryan,* 170 Mich. 683 (136 N. W. 1120), and cases cited.

3. We have examined the assignments of error relative to the argument of the prosecutor, and find that the record does not show that the attention of the court was called to the objectionable argument, or that an opportunity was given the court to pass upon the objections made. We have repeatedly held in recent decisions that this must appear from the record. Therefore, in the instant case, the question is not before the court.

The conviction and judgment are affirmed.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.