## STATE, Respondent, v. KNAPP, Appellant.

### (144 N. W. 921.)

1. **Criminal Law—Argument of Counsel—Failure of Defendant to Testify.**

A statement by prosecuting attorney in his closing argument, "Does he deny ever having forced his presence upon her?" held, not to be within the inhibition of Code Cr. Proc., Sec. 361, providing that failure of accused to testify "shall not create any presumption against him," where the jury must have understood, from the connection in which the statement was made, and its relation to immediately preceding statements relating to the evidence in the case, that the attorney referred to the

failure of accused to make such denial in a conversation had with a witness concerning his relations with prosecutrix, and not to his failure to testify.

2. **Criminal Law—Failure of Accused to Testify—Statement of Counsel—Reversible Error.**

It is the settled law of this state, that it is reversible error for the prosecution to call the attention of the jury in any manner to the fact that accused has not testified.

3. **Criminal Law—Argument of Counsel—Failure to Produce Evidence.**

Where the evidence discloses the existence of witnesses, or evidence, which the accused might have produced in his defense, the prosecuting attorney may comment upon the failure to produce same; and also upon the fact that the state's evidence stands undisputed; and such comment is not forbidden by Code Cr. Proc., Sec. 361.

(Opinion filed January 12, 1914.)

Appeal from Circuit Court, Butte County. Hon. WILLIAM G. RICE, Judge.

Defendant, Ladd A. Knapp, was convicted of statutory rape, and appeals. Affirmed.

*Seward & Foley,* and *Hayes & Heffron,* for Appellant.

Attention of jury was called to the fact that defendant had not testified in his own behalf in said remarks. State v. Jones, 113 N. W. 716. There is no way of telling what the jury understood his meaning to be. If by any construction, it could relate to defendant not having taken the stand, either directly or indirectly, then appellant's substantial rights were affected by that language.

This language is clearly prejudicial error to the substantial right of appellant. "Does he? Counsel state he did, but you can't find it here in the record."

This again aggravates the first statement, and charges that a denial of the defendant could not be found in the record. Section 9, Article 6, Bill of Rights, Constitution of South Dakota; Sections 361, 356 Code of Criminal Procedure; State v. Williams, ( S. D.) 75 N. W. 815; State v. Garrington, (S. D.) 76 N. W. 326; State v. Jones, 113 N. W. 716, 166 (S. D.); State v. Kaufmann, (S. D.) 118 N. W. 337; State v. Ryan, (Iowa) 30 N. W. 398; Wilson v. United States, 149 U. S. 650.

*R. C. Johnson,* Attorney General, *M. Harry O'Brien,* Assist-

ant Attorney General; *J. W. Makin*, States Attorney; *W. E. Benedict*, Assistant States Attorney, for Respondent.

Sec. 9, Art. 6, Constitution, does not mean that the state may not produce testimony pointing towards the guilt of an accused, the effect of which can only be broken down by his own testimony The state has the right to produce any testimony it may have or can get, notwithstanding the fact that such testimony may be of a character that the only rebuttal or denial of it can come from the lips of the defendant, and the production of such testimony by the State does not violate the rights of the defendant under the provisions of this Article of the Constitution. Nothing was done in the case at bar transgressing this right of the defendant. Section 361, Crim. Pro., makes no reference whatever to the conduct of the trial, but merely says that defendant's failure to be a witness shall not create a presumption against him, thereby preserving the presumption of innocence assured him by Sec. 356. Such is the only guaranty under the section.

The Iowa statute on the same subject is very much stronger than ours in that, after reciting that the failure of the defendant to testify shall have no weight against him on the trial, it contains a specific inhibition against the attorney or attorneys for the state, during the trial, referring to the failure of the defendant to testify in his own behalf. Sec. 5484, Code of Iowa. State v. Snyder, (Ia.), 91 N. W. 764; State v. Seeley, 61 N. W. 184, (Ia.); Frazer v. State 135 Ind. 38.

"The fact that the defendant is the only person who could have denied the testimony referred to does not render comment on the absence of denial improper." State v. Weddington, 103 N. C. 364, 9 S. E. 577; State v. Winner, 153 N. C. 602, 69 S. E. 9; Bradshaw v. People, (Ill.) 38 N. E. 652; State v. Baker, 143 Ia. 224; 121 N. W. 1028; Clinton v. State, 56 Fla. 57, 47 South. 389; People v. McMahon, 244 Ill. 45; 91 N. E. 104; Bruce v. State, 53 S. W. 867; Wilkerson v. State, 57 S. W. 956; McQuire v. State, 3 Ohio Circuit Court 551; Wooten v. State, 94 S. W. 1060; State v. Smokalen, 37 Wash. 91, 79 Pac. 603; Jackson v. U. S. 102 Fed. 473; 42 C. C. A. 452.

When counsel for the state says: "Does he deny ever having forced his presence upon her." The trial court knew that counsel was describing the past event, as though present. Counsel was

describing the scene as testified to by the girl's mother when she was taking defendant, Knapp, to. task, for following her girl, when she came home from Epworth League. Counsel certainly had the right to call the jury's attention to what the mother testified to and comment on the defendant's conduct at the time—the time the mother was taking him to task, not the time of the trial. This portion of the argument was so understood by the trial court as stated by him, at the time when the motion for new trail was overruled. Vasser v. State, 75 Ark. 373, 87 S. W. 635; State v. Schmidt, 136. Mo. 644, 38 S. W. 719; McGlothlin, 53 S. W. 869. State v. Landers, 21 S. D., 606. State v. Olson, (Minn.) 55 N. W. 959.

SMITH, J. Appeal from circuit court of Butte county. Appellant was convicted of the crime of statutory rape. The state offered its evidence, and rested. Appellant offered no evidence.

[1] In his closing argument, the assistant state's attorney made remarks alleged to be prejudicial to appellant's legal rights, in that they called the attention of the jury to the fact that appellant did not take the witness stand in his own behalf. The remarks were objected to, the objections overruled, and proper exceptions taken. These are the only matters assigned as error. None of the evidence is in the record, and we do not have before us the evidentiary facts to which the remarks of the prosecuting attorney were addressed. Several statements were objected to, and are contained in the record; but we deem it unnecessary to quote or refer to all of them. The following language is assigned, and is commented on at length, as prejudicial error, and is alleged to constitute an indirect but effective attempt to call the attention of the jury to the fact that the accused did not testify: "She begs and begs him. Perhaps not that exact language, but to that effect. She begs him to have no further relations clandestinely and outside with this girl, or in any manner. Does he deny ever having forced his presence upon her? Not by—no. (Defendant's counsel objects.) Does he? Counsel states he did; but you cannot find it here in the record. On the contrary, when this woman pleads and asks him not to, he says, 'I won't,' to her, or something like that, which amounts to practically a confession that he had heretofore done things he ought not to have done and promises not to do again." The testimony of the witness or

"woman" to which these remarks referred is not in the record. The precise question is whether the statement, "Does he deny having ever forced his presence upon her?" was, or could have been, understood by the jury as a suggestion that the accused had not taken the stand as a witness to deny that he had "forced his presence upon her." The question might be more easily disposed of, had the testimony been brought before us. But, in the absence of such testimony, we can only resort to that which does appear in the record. The entire closing address of the assistant state's attorney is in the record, and it appears therefrom that immediately preceding the language quoted the attorney had said: "His duty was, if he wanted to meet that girl—to give her candy and money, and show her other favors to which, under other circumstances, there would be no objection—to do that at her home, with the consent of the parents, and knowledge, and did he do it? On the contrary, he did not do it; but, on the contrary, he persisted in putting his presence upon her to the extent that the stepmother of this girl, anxious for her well-being, knowing the little girl was out a little later than usual, happened to go to the door as the girl came there. She finds this man going away. She goes out and overhauls him, and has a talk with him as a mother would." Then follows the language excepted to. Could the language assigned as error, taken in connection with that which preceded it, have been considered by a jury of intelligent men as an allusion to the failure of the defendant to testify at the trial? We think it clear that the language excepted to must have been understood by the jury only as a statement that appellant, when accused by the stepmother of improper conduct with the girl, failed to deny the acts she charged him with, and that it could not have been understood by them as a reference to anything other than what was charged and not denied in this conversation. Such a statement is not within the inhibition of the statute (section 361, Code Cr. Proc.) which says: "The person charged shall, at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him." This court, in a number of cases, has been called upon to consider this statute.

[2] It is the settled law of this state that it is reversible error for the prosecution to call the attention of the jury in any

manner to the fact that the accused has not testified.          State v. Williams, 11 S. D. 64, 75 N. W. 815 ;State v. Garrington, 11 S. D. 178, 76 N. W. 326; State v. Bennett, 21 S. D. 396, 113 N. W. 78.          In the latter case it was held that the error could not be cured by the attorney's withdrawal of the remark. State v. Kaufmann, 22 S. D. 433, 118 N. W. 337.          In the latter case although no direct allusions were made to the fact that the accused had not taken the witness stand, this court, upon a consideration of the whole address to the jury, reached the conslusion that it showed an intentional disregard of the law, by means of indirect allusions, to the fact that the accused did not testify.          In a concurring opinion, Mr. Justice Corson says: "It is true that counsed did not in terms state to the jury that the defendant had not been called as a witness; but he so plainly indicated to them that such was the fact that the jury could not have misunderstood that their attention was called to this fact, as we must presume that the jury was composed of intelligent persons, who could readily understand the full import of the language used by the counsel when referring to the failure of the defendant's counsel to disprove the testimony offered on the part of the state, when it was in his power to have disproved it by the defendant's own testimony."

[3] It would serve no useful purpose to quote other language of counsel excepted to and assigned as error.          It is true the prosecutor, commenting upon certain facts assumed to be in the state's evidence, stated in substance that the defense had produced no evidence to contradict them.          But, if the evidence before the jury disclosed the existence of witnesses or evidence which the accused might have produced in his defense, the statute does not forbid comment upon the fact that the accused has failed to produce such witnesses or evidence.          It may be difficult sometimes to draw the line between this kind of comment and that which in fact does and is intended to direct the attention of the jury to the failure of the accused to testify.          We do not know in this case whether the evidence of the prosecution disclosed facts which would show the existence of other evidence or witnesses which might have been produced by the accused to dispute the facts shown by the prosecution, though we may well assume that such was the case within the knowledge of the trial judge who, upon consideration of the whole evidence, denied the motion for a new trial

It cannot be fairly contended upon the record before us that the prosecutor made direct allusion to the failure of the accused to testify. At most we could only infer that his remarks were intended to and did bring to the minds of the jury the fact that the accused did not testify. Where no direct allusion is made to the fact, but the error rests in an alleged intent to accomplish such purpose by indirection, each case must be considered upon its own particular facts. We have examined the entire address of the prosecutor with much care, and while, in several instances, he stated that certain evidence for the prosecution was undisputed, we are not prepared to say that his remarks were intended to, or did necessarily, suggest to the jury the failure of the accused to testify, nor do we find that the statements were such that they probably would have created in the minds of the jury a presumption against the accused because of his failure to testify.

The rule that the prosecution may comment upon the failure of the accused to produce evidence in his defense, when it appears to have been in his power to do so, and also to comment upon the fact that evidence for the prosecution stands undisputed, is discussed in numerous decisions, under statutes similar to our own. Frazier v. State, 135 Ind. 38, 34 N. E. 817; State v. Smokalem, 37 Wash. 91, 79 Pac. 603; Wooten v. State 50 Tex. Cr. R. 151, 94 S. W. 1060; Watters v. State (Tex. Cr. App.) 94 S. W. 1038; Gallegos v. State, 49 Tex. Cr. R. 115, 90 S. W. 492; Wingo v. State, (Tex. Cr. App.) 75 S. W. 29; Davis v. State (Tex. Cr. App.) 44 S. W. 1099; Bruce v. State (Tex. Cr. App.) 53 S. W. 867; Johnson v. State (Tex. Cr. App.) 55 S. W. 968; Tudor v. Commonwealth, 43 S. W. 187, 19 Ky. Law Rep. 1039; State v. Griswold, 73 Conn. 95, 46 Atl. 829; Jackson v. U. S. 102 Fed. 473, 42 C. C. A. 452; Wilkerson v. State (Tex. Cr. App.) 57 S. W. 956; State v. Ruck, 194 Mo. 416, 92 S. W. 706, 5 Ann. Cas. 976; State v. Crawford, 95 Minn. 467, 104 N. W. 295; People v. Hammond, 132 Mich. 422, 93 N. W. 1084; Johnson v. Commonwealth, 94 S. W. 631; 29 Ky. Law Rep. 675; Brown v. State, 47 Tex. Cr. R. 369, 83 S. W. 704; Howard v. State (Tex. Cr. App.) 57 S. W. 948; State v. Preston, 77 Mo. 294; Nite v. State, 41 Tex. Cr. R. 340, 54 S. W. 763; State v. Johnston, 88 N. C. 623; McGlothlin v. State (Tex. Cr. App.) 53 S. W. 869; Arnold v. State, 38 Tex. Cr. R. 5, 40 S. W. 735; State v. Davis, 110 Iowa,

746, 82 N. W. 328; Jackson v. State, 31 Tex. Cr. R. 342, 20 S. W. 921.

The effect of the action of the trial court in overruling a motion for a new trial based upon such alleged misconduct of the prosecutor is illustrated by the following cases: State v. Bailey, 29 S. D. 598; 137 N. W. 352; State v. Landers, 21 S. D. 606, 114 N. W. 717.

A careful examination and consideration of the entire record in our judgment fails to show that the remarks of the prosecutor were prejudicial to the rights of appellant.

The judgment and order of the trial court are therefore affirmed.