## PEOPLE v. MACZULSKI.

1. INDICTMENT AND INFORMATION — PHYSICIANS AND SURGEONS — STATUTES.

An information charging respondent, in the language of the statute (Act No. 237, Pub. Acts 1899, as amended by Act No. 368, Pub. Acts 1913, 2 Comp. Laws 1915, § 6726), with having unlawfully procured himself to be registered as a physician was sufficient.

2. CRIMINAL LAW—JURISDICTION—VENUE.

In such prosecution, the court in the county in which the application was filed and the license issued had jurisdiction to try the case, although respondent passed an examination in another county.

3. SAME—APPEAL AND ERROR—EVIDENCE—CROSS-EXAMINATION.

The court below was not in error in refusing to strike out testimony that respondent's counsel drew out on the cross-examination of the witness.

4. SAME—ARGUMENT OF COUNSEL — CONSTITUTIONAL PRIVILEGE — SAVING QUESTION FOR REVIEW.

Improper argument of the prosecuting attorney, made in response to the reason given by respondent's counsel for not calling him, was not saved for review in this court by merely noting an exception; a ruling thereon by the court should have been asked for. STONE, C. J., and OSTRANDER, J., dissenting.

Exceptions before sentence from recorder's court of the city of Detroit; Connolly, J. Submitted April 13, 1916. (Docket No. 127.) Decided December 22, 1916.

Vladimirus Maczulski was convicted of unlawfully procuring himself to be registered as a physician. Affirmed.

*Grant Fellows*, Attorney General, *Charles H. Jos-*

194—Mich.—13.

*nowski,* Prosecuting Attorney, and *Paul W. Voorhies,* Assistant Prosecuting Attorney, for the people.

*August Cyrowski,* for respondent.

MOORE, J. The respondent is convicted of having unlawfully procured himself to be registered as a physician under the provisions of Act No. 237, Pub. Acts 1899, as amended by Act No. 368, Pub. Acts 1913 (2 Comp. Laws 1915, § 6726). The case is here on exceptions before sentence.

The first group of assignments relates to the sufficiency of the information, the jurisdiction of the court to try the case, and the sufficiency of the proof. The information charged the offense in the language of the statute and was sufficient. After the respondent filled out his application for a license, he passed an examination at Lansing, and for that reason it is claimed the case should have been tried in Ingham county instead of in Wayne county. The record shows the application was filled out and filed in Wayne county, and that the license was issued in that county. We think the court in Wayne county had jurisdiction to try the case.

It is said the court erred in not striking out certain testimony. It is a sufficient answer to this that counsel for the respondent drew out the testimony on the cross-examination of the witness. In his closing argument the prosecuting attorney said, in part:

"I would have no right to say why he (the defendant) was not put on the stand, but they having mentioned it, why he was not put on the stand, because, if he got on the stand, it would be brought out from the defendant himself, to the register of the board as all the facts necessary in the Albany case. They did not put him on the stand. * * * Then we could go into his whole life, his whole history from the year 1910."

This is said to be error. The people seek to excuse

this argument because counsel for the respondent had given a reason for not calling him. If the question was properly before us, the case nearest in point is *People* v. *Hammond,* 132 Mich. 422 (93 N. W. 1084). In the instant case the misconduct complained of is not shown to have been called to the attention of the trial court nor any ruling asked or obtained. The record only discloses that an "exception" by defendant's counsel was noted to the portions complained of during the progress of the argument.

The well-settled rule is that the mere noting of an exception to objectionable argument without calling it to the attention of the trial court does not save the question for review. This has been emphatically and repeatedly held by this court in both criminal and civil cases. In *People* v. *Sartori,* 168 Mich. 308 (134 N. W. 200), where a conviction of murder was sustained, the court said:

"Except in one instance, counsel for respondent contented himself with taking an exception to particular portions of the argument of the prosecuting attorney without asking for, or obtaining, a ruling thereon by the court. Under repeated rulings of this court, such exceptions cannot be considered"

—citing numerous preceding cases.

The rule is reiterated with repetition of citations (including the criminal case of *People* v. *Danenberg,* 176 Mich. 337 [142 N. W. 347]), in the recent case of *Spencer* v. *Johnson,* 185 Mich. 85 (151 N. W. 684).

"Improper remarks of counsel must be promptly objected and excepted to, and the court requested to instruct the jury to disregard them in order that they may be reviewed on appeal. And exception should be taken to the refusal or the omission of the court to so instruct the jury." 12 Cyc. p. 819.

"The office of exceptions should be to apprise the court of alleged errors, with a view to their correction, when possible; and, with the exception of cases where errors are alleged upon the charge, exceptions must

be brought to the attention of court and counsel at the time the alleged error is committed." *People* v. *Roat*, 117 Mich. 578 (76 N. W. 91), and *People* v. *Sartori*, 168 Mich. 308 (134 N. W. 200).

The importance and applicability of this rule to the present case is manifest, for had the objection been called to the attention of the court, or a request made for instruction to the jury to disregard the prosecutor's reply to defendant's counsel, the court could, and with the path pointed out by precedent presumptively would, have given such instruction and eliminated any possible claim of error.

The conviction is affirmed. The case is remanded to the court below for further proceedings.

KUHN, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred with MOORE, J.

OSTRANDER, J. (*dissenting*). It is a provision of the declaration of rights (Constitution, art. 2, § 16) that no person shall be compelled in any criminal case to be a witness against himself. The statute (3 Comp. Laws, § 10211; 5 How. Stat. [2d Ed.] § 12855 [3 Comp. Laws 1915, § 12552]) pointing out who may be witnesses ends with the proviso, in harmony with the constitutional provision:

"A defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect."

The court has nothing to do with the wisdom of these provisions of the law. Its duty is to enforce them.

Laying aside all other matters, Mr. Justice MOORE concludes that, if reference or comment is made by a prosecuting officer in argument to or upon the failure

of a respondent to testify, the breach of duty must be brought to the attention of the court by respondent's counsel, or by respondent, and a ruling requested, as in a case where intemperate, or other improper, argument is indulged in. I do not agree with him. The statutory injunction is addressed to the court. A *ruling* implies decision, one way or the other, as the right may seem to be. There can be but one ruling when the prosecuting officer has referred to, or commented upon, the fact that a respondent has not become a witness. Indeed, there can be no *ruling*, but at the most—and the least—a reprimand and instruction to the jury in conformity with the law. To require respondent to object to an invasion of his rights, which the court is bound to protect, is to add to his embarrassment and to increase whatever prejudice his failure to testify and the comment made thereon may create.

Upon the point that the reference to and comment upon the fact that the respondent has not testified may be excused because respondent's counsel has directly or indirectly referred to it, I think there should be a rule, rigorously enforced by this court, to the effect that such supposed openings as this shall not be taken advantage of by the prosecuting officer. The privilege and right of the Constitution and statute is not one which a respondent holds at the mercy of his counsel. It is the privilege of respondent to be sworn and testify as a witness or to refuse to do so. When he neglects to testify, not only is no presumption created against him, but the court shall not permit any reference to, or comment on, such neglect.

I am further impressed with the idea that infractions of the law cannot be cured by anything the court may say, and that the attempts to do so, instead of enforcing the law, have been and must continue to be failures. It would have been better, and it is now

better, that the rule should be imperative that this violation of the respondent's rights should always result in a new trial. Once the door is opened, the right is, in one way and another, frittered away, under the guise of preserving it.

In *People* v. *Hammond,* 132 Mich. 422 (93 N. W. 1084), the prosecuting officer made an indirect reference to the fact that the respondent had not been sworn, in reply to a statement by the respondent's counsel. A majority of this court said:

> "We are not therefore prepared to hold that it was error, particularly in view of the fact that the jury were instructed that the fact that the respondent did not take the stand in his own behalf should not weigh against him in any manner."

In *People* v. *Payne,* 131 Mich. 474 (91 N. W. 739), where there had been an indirect reference to the fact that respondent had not testified, it was held to be error. In *People* v. *Provost,* 144 Mich. 17 (107 N. W. 716, 8 Am. & Eng. Ann. Cas. 277), upon a review of authorities it is held error for the trial court to refuse, upon request, to charge in conformity with the statute provision. *People* v. *Hammond* is not controlling here, because the court did not here, as in that case, attempt to protect the right of respondent. Further than this, I think *People* v. *Hammond* wrongly decided upon this point, and I see no limitation to the reference which may be made to the fact, no limitation to the comment which may be made thereon by prosecuting officers if a charge, in conformity with the statute, will cure it.

Upon other questions presented, I agree with Mr. Justice MOORE, but am of opinion that the exception referred to must be sustained, the conviction set aside, and a new trial granted.

STONE, C. J., concurred with OSTRANDER, J.