## L. T. ARNOLD V. THE STATE.

### No. 825. Decided May 26, 1897.

**1. Jury Law—Testing Qualifications of Jurors—Local Option.**

On a trial for violation of local option, where on examining them as to their qualifications the jurors have answered emphatically that they had not formed a conclusion in regard to the guilt or innocence of the defendant in the case on trial, it was immaterial and irrelevant to question them as to their prejudice against unlawful beer clubs run in a local option precinct. Where the juror states emphatically that he has formed no conclusion, from hearsay or otherwise, as to the guilt or innocence of defendant in the case in hand, the statute appears to cut off any further investigation.

**2. Local Option—Evidence—Internal Revenue License.**

On a trial for violation of local option, where the State, without objection, had introduced secondary evidence that defendant had procured a United States internal revenue license to sell liquor by retail, and the prosecuting attorney stated that defendant had been served with notice to produce the license and offered to produce the notice in evidence; Held, not to be a comment by counsel upon the failure of defendant to testify, and much less would the introduction of the notice to produce such license be a failure of defendant to testify.

**3. Same.**

On a trial for violating local option, where the defense was that defendant was the steward and agent of a club in the sale of the beer, it was immaterial that he had refused to sell beer to a party not a member of the club; such testimony was self-serving, and did not in any manner tend to disprove the sale of beers to others, or the case for which he was on trial.

APPEAL from the County Court of Brown. Tried below before Hon. CHARLES ROGAN, County Judge.

Appeal from a conviction for a violation of local option. Penalty, a fine of $25 and twenty days imprisonment in the county jail.

This case is similar in most of its features to Arnold v. State, ante, p. 1.

[No briefs for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.—Appellant claims that he was only custodian of the beer owned by the Brownwood Beer Club, and the delivery to the members thereof did not constitute a sale. The court instructed the jury as to the bona fides of the club—as

to whether or not appellant was in good faith only custodian of the property for the use and benefit of the members of the club. And it occurs to me that the jury properly found that this defense was only a subterfuge and device to violate the law. It will be noted that this pretended club had no president, secretary, treasurer, or board of directors. It held no meetings of any kind whatever, and had no rules, regulations, charter, constitution, or by-laws. Furthermore, the appellant had issued to him an internal revenue license in his own name, and this license was tacked up in the place where the beer was stored and delivered.

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law. While the jury was being impaneled, they were asked by the defendant if they believed that he, about the time alleged in the information, was engaged in the unlawful sale of intoxicating liquors to various parties; if they believed that a man who was running a beer club in a local option precinct was an immoral man; and, further, if they had any prejudice against a beer club run in a local option town, and if they had any prejudice against the beer club run in the city of Brownwood, with which the defendant is said to be connected, and out of which this case is said to have arisen; and, further, if they had an opinion as to whether said beer club was run unlawfully, and whether or not they had formed an opinion that defendant was conducting an unlawful beer club in Brownwood, about the time alleged in the indictment. These questions were asked for the purpose of challenging said jurors, as a whole, for cause, as well as to enable the defendant to intelligently exercise his right of peremptory challenge. The State objected to the same because irrelevant and immaterial, which was sustained. The court, in explaining this bill of exceptions, states "that, when the first question was propounded and objected to, the court informed defendant's counsel that, if the question was intended to apply to the case at bar—that is, as to whether or not the jurors had formed any opinion as to whether the law had been violated in making an unlawful sale to J. A. Strickland—the question would be permitted. Counsel informed the court that he declined to state whether the question as put was or was not intended to cover the case at bar; whereupon the court sustained the objection, and again informed the jury of the offense of which the defendant is charged, and then asked the jurors if they, or either of them, had formed or expressed an opinion as to defendant's guilt or innocence, from heresay or otherwise, which would influence their action in finding a verdict, to which each answered that he had not. They had each previously answered that they had no bias in favor of or prejudice against the accused." As presented by the explanation to the bill of exceptions, there was no error committed. The jurors answered emphatically that they had not formed a conclusion in regard to this case, and whether or not they had a prejudice against unlawful beer clubs run in a local option precinct would not be material or relevant. The question at issue was

whether the jurors had, from hearsay or otherwise, formed a conclusion in their minds as to the guilt or innocence of the defendant in this case. It is sometimes permissible, and often necessary, where jurors have expressed themselves as having a conclusion, such a one as will affect their finding, for an investigation of the reasons, facts, and circumstances upon which they have based the conclusion; but when the jurors state emphatically that they have no conclusion, from hearsay or otherwise, in regard to the case in hand, as to the guilt or innocence of the defendant, it would seem, under the statute, to cut off further investigation. We believe, as the bill is presented, there was no error in the ruling of the court.

The State introduced, without objection from the defendant, secondary evidence of the fact that the defendant and his partner, Scott, had received United States internal revenue license, authorizing them to pursue the occupation of liquor dealers, by retail. Thomas Maples, one of State's counsel, stated, in the presence of the jury, that defendant had been served with notice to produce the license, and offered to introduce said notice in evidence. Defendant objected, because, he says, this was a comment by counsel on the failure of the defendant to testify. Defendant did not testify on the trial. We do not understand how the fact that the notice to Scott & Arnold to produce their United States internal revenue license being introduced in evidence was a comment on the failure of the defendant to testify. If they had complied with the notice, and furnished the license, it certainly could not be held that the defendant was testifying, and the failure of the firm to produce the license would not have been their failure to testify. Much less would the introduction of the notice to produce such license be a failure on the part of defendant to testify. Appellant objected to the introduction of the evidence showing that there had been 163 casks of beer shipped to the Brownwood club between the 1st of February and the 1st of June, 1895. This testimony was held admissible in Arnold v. State, ante, p. 1. Appellant introduced F. P. Bailey, and, after proving by him that he was not a member of the Brownwood club, offered to prove by him that he tried to purchase beer from the defendant, and that the defendant refused to sell it to him, and stated that he had no beer to sell; that the beer he had belonged to the Brownwood club, and was being kept by him on ice for members of the club. This was objected to by the State because self-serving. As presented by this bill, we think the testimony was self-serving, and, besides, it was not evidence that he had not sold beer to other people, and did not tend to show that he did not sell to the alleged purchaser in this case, and had no connection with the matter one way or the other. So far as the bill shows, there was no testimony that would authorize this by way of explanation. The other questions in the case have been heretofore decided adversely to the appellant's contention in Arnold v. State, ante, p. 1, and in Sutton v. State (decided at this term of the court), 40 S. W. Rep., 501.

As presented by the record, we are of opinion there was no error committed upon the trial, and the judgment is affirmed.

*Affirmed.*