### COATS v. STATE. (No. 8277.)

(Court of Criminal Appeals of Texas. May 14, 1924. Rehearing Denied Nov. 12, 1924.)

1. **Jury** ⟜67(3)—**That sheriff is material state's witness does not disqualify from summoning jurors.**

That sheriff is material witness for state does not disqualify him from summoning jurymen, so as to require appointment of substitute to perform duty for him.

2. **Criminal law** ⟜1152(2)—**Jury** ⟜67(3)— **Refusal of motion to appoint substitute for disqualified sheriff, supported by sole affidavit of movant, held discretionary, and not reviewable unless discretion abused.**

Refusal of motion, supported by sole affidavit of movant, to appoint substitute to summon jury in place of sheriff, claimed to be disqualified because witness for state, held discretionary, and refusal is not reviewable on appeal, in absence of abuse of discretion.

3. **Criminal law** ⟜1171(1)—**Argument that failure to convict would make Statue of Liberty hang head, etc., held not reversible.**

Argument of district attorney that failure to convict would make Statue of Liberty hang her head in shame, and courthouse might as well be torn down, and ground planted to corn so defendants could manufacture more liquor to serve to public, etc., though improper, held not obviously harmful.

Appeal from District Court, Freestone County; J. R. Bell, Judge.

B. H. Coats was convicted of unlawful transportation of intoxicating liquor, and he appeals. Affirmed.

Levi Herring, of Fairfield, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years. The evidence is not brought forward for review. The complaint of the refusal of the court to quash the indictment is supported by substantially the same facts and legal propositions as were the subject of discussion by this court in the case of Mose Bryant v.

State (No. 8303) 260 S. W. 598, recently decided, which was appealed from the same court as the present case.

[1] The court sustained the motion to challenge the array of the petit jurors, and directed the sheriff to summon 36 men as jurors for the week. A motion to set aside the jurors summoned by the sheriff, and to appoint an elisor to summon others, was made and overruled. This was made upon the averment in the motion, which was verified by the appellant, that the sheriff was a material witness against him. The court, in qualifying the bill, stated that the sheriff was guilty of no improper conduct. No evidence seems to have been heard in support of the motion. The fact alone that the sheriff was a material witness in behalf of the state is not understood to disqualify him from performing the duties to summon the jurymen. Upon this subject we quote from Cyc. of Law & Proc. vol. 24, pp. 226, 227:

"An officer is not qualified to act in summoning a jury if he is a party to the action, a relative, an attorney of one of the parties, or if he is interested in the event of the action, although not a part of record; but a very remote or contingent interest will not disqualify."

"It is not, however, necessarily a ground of challenge that the officer who summoned the jury is a witness, a relative of the prosecuting attorney, a relative of a person who is security for costs, or that he furnished the information on which the warrant of arrest was issued."

[2] We have not found, nor have we been referred to, any judicial declaration at variance with the matter quoted from the text. Even if the averments in the motion were such as to imply a disqualification of the sheriff to summon the jury, we do not understand that this would have obliged the court to act upon a motion supported alone by the affidavit of the party, and the conclusion of the court against the disqualification, as appears in this case, would not be reviewed on appeal in the absence of an abuse of discretion. See State v. Matthews, 98 Mo. 119, 10 S. W. 30, 11 S. W. 1136; State v. Leabo, 89 Mo. 247, 1 S. W. 288.

[3] Another bill complains of the argument of the district attorney. From it we quote:

"Gentlemen, if you should fail to convict this defendant, the Statue of Liberty would hang her head in shame; you had as well tear down the courthouse and plant the ground upon which it stands in a corn patch so they could use it, and manufacture liquor and serve it to the public; the sheriff of this county had as well surrender his commission, because his acts will be for naught."

Though this flight of imagination may not with propriety be cited as a model of eloquence nor an example of logic, it cannot be assumed that the verdict of the jury, was responsive to the extravagant statement of counsel rather than to the facts adduced upon the trial. In the reviewing court, the verdict having the sanction of the trial court and the evidence heard are important elements in estimating the effect of remarks of counsel which, though improper, are not obviously harmful. See Tucker v. State, 96 Tex. Cr. R. 356, 257 S. W. 260; Branch's Crim. Law, § 62.

In the absence of the facts that were before the jury in the present case, this court is not in a position to hold that the argument quoted justifies a reversal of the judgment.

An affirmance is ordered.