## A. B. DAVENPORT V. THE STATE.

No. 12548.   Delivered May 15, 1929.
Rehearing denied June 19, 1929.

The opinion states the case.

*Horace E. Wilson,* no address given, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for theft of sheep; punishment, two years in the penitentiary.

There are four bills of exception.   The first complains of the refusal of the court to quash the summons of four talesmen brought in to complete the jury.   The ground of the motion to quash was that the sheriff was prejudiced against the accused and had taken an interest in his prosecution, and was offered a reward by the Goat and Sheep Raisers Association for his conviction.   The court heard evidence, which is incorporated in the record.   The sheriff admitted that he had assisted the prosecuting attorney in the selection of a jury.   We do not regard this as anything out of line or

improper. He denied having been offered any reward by the Goat and Sheep Raisers Association or anyone else. No suggestion appears in the record that any improper person was summoned. The matter presents no error.

Bill of exceptions No. 2 complains of the overruling of the motion for continuance. The testimony adduced upon the trial wholly failed to show any materiality in the testimony of the absent witness, and this point is not even briefed on behalf of appellant.

Bill of exceptions No. 3 complains of the refusal of a peremptory instruction of not guilty. We deem the refusal of the request entirely in accordance with the record.

Bill No. 4 complains of the refusal of a new trial sought on the ground, as stated in the motion, that one of the jurors who sat upon the trial of the case could not read and write the English language. No testimony appears either by way of statement of facts or in a bill of exceptions supporting the correctness of this ground of the motion. The motion itself is but a pleading. The matter was raised for the first time after verdict, and no effort was made to show injury. Martinez v. State, 57 S. W. Rep. 839; Leeper v. State, 29 Texas Crim. App. 63; Williamson v. State, 36 Texas Crim. Rep. 225. The evidence amply supports the verdict and judgment.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews his insistence that a reversal should be predicated upon the first bill of exception discussed in our original opinion. Evidence was heard upon the motion to set aside the four jurors summoned by the sheriff under direction of the court on the ground that the sheriff was prejudiced against appellant and interested in the result of the trial. We think such evidence does not sustain the averments in the motion. It was not shown that the officer expected to claim any reward in the event of a conviction, the evidence only showing that he had only heard that such a reward had been offered. The testimony indicates that the officer secured jurors who lived some distance from the scene of the trial because he thought those living in or near the county seat may not have been fair and impartial. There is not the slightest suggestion that the jurors summoned by him were other than fair. In Coats v. State, 98 Tex. Cr. R. 314, 265 S. W. 891 will

be found a quotation from Cyc. of Law and Procedure, Vol. 24, pages 226 and 227, as follows:

"An officer is not qualified to act in summoning a jury if he is a party to the action, a relative, an attorney of one of the parties, or if he is interested in the event of the action, although not a part of record; but a very remote or contingent interest will not disqualify.

"It is not, however, necessarily ground of challenge that the officer who summoned the jury is a witness, a relative of the prosecuting attorney, a relative of a person who is security for costs, or that he furnished the information on which the warrant of arrest was issued."

The text of Corpus Juris, Vol. 35; Sec. 240, is substantially the same. We do not regard the facts of the present transaction such as to bring it within the condemnation of the rule announced. In our former opinion referring to the officer's action in aiding the district attorney we used this language:

"We do not regard this as anything out of line or improper."

This language must not be regarded as of general application. Circumstances might arise where such aid, in connection with other facts presented, might be so significant as to raise a serious question as to the officer's fairness in summoning talesmen.

The motion for rehearing is overruled.

*Overruled.*