## ROBERT WILLIAMS V. THE STATE.

No. 15510.   Delivered October 19, 1932.
Rehearing Denied November 23, 1932.
Reported in 54 S. W. (2d) 121.

The opinion states the case.

*Paul Petty,* of Ballinger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being assessed at two years in the penitentiary.

The record is before us without a statement of facts. Only one bill of exception is brought forward. It complains of the argument of the district attorney in which he said: "If you go out and turn this defendant loose, then you might as well tear the law books up, burn court house down, destroy jails, and let everybody go free and do as they please."

In connection with, and as a part of the bill, there is set out in a general way the evidence produced at the trial. It is insisted that, under the circumstances shown, we should hold the argument to have been reversible error. Appellant cites the cases of Pemberton v. State, 55 Texas Crim. Rep., 464, 117 S. W., 837; Mauney v. State, 85 Texas Crim. Rep., 184, 210 S. W., 949; Coats v. State, 98 Texas Crim. Rep., 314, 265 S. W.,

891, 892; Rutherford v. State, 104 Texas Crim. Rep., 127, 283 S. W., 512; Tucker v. State, 96 Texas Crim. Rep., 356, 257 S. W., 260. The arguments complained of in all save the last case cited were very similar to that used in the present case, and most of those cases were affirmed, and none was reversed because of the argument. In some of them doubt as to the propriety of such an argument was expressed. The argument in the Tucker case was of an entirely different nature. The language used by the court in passing upon an argument very similar to that complained of in the present case expresses our views regarding the matter. We quote: "Though this flight of imagination may not with propriety be cited as a model of eloquence nor an example of logic, it cannot be assumed that the verdict of the jury was responsive to the extravagant statement of counsel rather than to the facts adduced upon the trial. In the reviewing court, the verdict having the sanction of the trial court and the evidence heard are important elements in estimating the effect of remarks of counsel which, though improper, are not obviously harmful." Coats v. State, supra.

In his brief appellant seeks to draw a distinction between cases on direct evidence where the judgments have been affirmed over complaints of similar arguments, and the present case in which the state relied on circumstantial evidence. The distinction does not appear sound when the point at issue is determining the probable effect of an argument. Circumstantial evidence frequently furnishes as convincing proof of guilt as would direct evidence.

We cannot bring ourselves to believe that the somewhat fervid remarks of the district attorney were so seriously regarded by the jury as counsel for appellant seems to think.

Nothing appears from the record leading to the conclusion that the jury's verdict was based on anything save the evidence produced before them.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have examined with interest the persuasive motion for rehearing, but are still of opinion that in a case where the accused was given the lowest penalty by the jury, and whose facts are not before us, we could not justifiably order a reversal because of the argument set out in the original opinion. The trial judge heard the testimony and the argument, saw the witnesses, and refused to grant a new trial. If the testimony was sufficient, and we must presume it so,

the jury were evidently not moved by the argument complained of to go beyond the minimum penalty.

The motion for rehearing will be overruled.

*Overruled.*