### EUGENE CROSS v. THE STATE.

No. 17682. Delivered October 23, 1935.
Rehearing Denied January 15, 1936.

The opinion states the case.

*Crawford & Crawford,* of Conroe, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of perjury and his punishment assessed at confinement in the state penitentiary for a term of two years.

The perjury was alleged to have been committed by appellant while testifying in a certain civil suit pending in the district court of Montgomery County wherein Mrs. E. E. Hensley et al. were plaintiffs and Joe Wiggins et al. were defendants, being a suit of trespass to try title to 160 acres of land, a part of the Alfonso Steel survey in said county, to which defendants claimed title by the statute of limitation of ten years. Under

their plea it became a pertinent inquiry whether defendants had had quiet, peaceful, adverse and uninterrupted possession of said land and had used, occupied and enjoyed the same for a period of more than ten years prior to the institution of said suit. Appellant, who became a witness for defendants and on the trial of said cause testified that he had lived in Montgomery County about forty years, that he knew Joe and Ben Wiggins and Ed. Price since they were boys; that in the month of July, 1917, he saw Ed. Price building a camp house on the land in question; that sometime thereafter he went back there and the house was finished; that Ed. Price and Lum Condra were living there; that they had a little pasture fenced on the southwest corner; that sometime prior to the year 1924 he noticed a two-room house on the land.

Bill of exception No. 1 reflects the following occurence: Britt Freeman testified for the State as follows: "There is a house on that tract of land now. It was there six or eight months ago when I was out there the last time." Appellant objected to this testimony on the ground that it was irrelevant, immaterial and did not shed any light on the question of perjury. It may be conceded that the testimony did not tend to prove the falsity of appellant's testimony given on the trial of the civil case, yet we fail to see how it could have injuriously affected appellant's rights. It occurs to us that the testimony was really beneficial to the appellant, in the absence of any testimony showing when and by whom the house about which the witness testified, was constructed. We are of opinion that the appellant's position is not well taken, and overrule same.

By Bill of exception No. 2 appellant complains of the action of the trial court in overruling his motion for a severance, and in declining to put Ben Wiggins, who was separately indicted for the offense of perjury committed in the trial of said cause and relating to the same material inquiry, to trial first, because he, appellant, believed that there was not sufficient evidence against Ben Wiggins to secure his conviction; that Ben Wiggins was a material witness for him (appellant) and in case of acquittal he desired his testimony. The offense of perjury committed by Wiggins was a separate and distinct offense from that committed by the appellant unless the same was done in pursuance of a conspiracy on the part of both or all of the defendants. The appellant and Wiggins were each separately indicted. If A burglarize a house on a certain night and thereafter on the same night B burglarize the same house they would not be joint offenders, but each would be guilty of a separate

and distinct offense. It occurs to us that, under the facts of this case, the court did not commit any error in overruling appellant's motion.

Bill of exception No. 3 relates to the same subject matter as bill No. 1, and is disposed of in the same manner.

Bill of exception No. 4 relates to the introduction of appellant's voluntary confession. Appellant objected to the introduction of the same on the ground that it appeared from the testimony that it was not freely and voluntarily made. It appears from the bill of exception that appellant sought and did raise an issue as to whether or not his confession was voluntary. This issue was submitted to the jury under appropriate instruction from the court, and the same was determined adversely to appellant's contention. Whenever there is an issue raised by testimony as to whether or not a confession is voluntary, and the matter is submitted to the jury trying the case, their finding is conclusive and will not be disturbed by this court.

Bills of exception Nos. 5, 6 and 7 relate to the argument of the prosecuting attorney. Bill of exception No. 5 shows that the district attorney said to the jury: "If you acquit this defendant, we might as well burn the court house and deed the land back to the Indians, because we won't need it any more." Questions involving similar arguments as that here complained of have been before this court in several cases and in each instance this court held that the case was not of such prejudicial nature as to require a reversal. See Coats v. State, 265 S. W., 891; Pemberton v. State, 55 Texas Crim. Rep., 464; Rutherford v. State, 104 Texas Crim. Rep., 127. The rule announced by this court in the case of Coats v. State, supra, is, no doubt the correct rule.

We think that the argument complained of in bill of exception No. 6 falls within the same rule announced in the cases above cited.

The argument complained of in bill of exception No. 7, prepared and filed by the court, fails to show that it was a reference to appellant's failure to testify. At the time that the confession was made there were present, besides the district attorney, three other parties. If the confession was not a voluntary one, or did not contain the statements made by him, appellant might have shown it by some of the parties present, and his failure to do so was a proper subject for discussion. See Jackson v. State, 31 Texas Crim. Rep., 342, 20 S. W., 921; Arnold v. State, 38 Texas Crim. Rep., 7, 40 S. W., 735; Mason

v. State, 168 S. W., 118; Sloan v. State, 170 S. W., 156; Sample v. State, 108 S. W., 685.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant has filed a motion for rehearing again urging that error was committed upon the trial as shown by the several bills of exception. This motion was supported by oral argument. We have again examined the record carefully, both bills of exception and statement of facts. The questions presented by the bills appear to have been correctly decided originally. To reach any other conclusion on the facts than as reflected by the verdict would require us to substitute our own judgment for that of the jury. This is beyond our province. The verdict seems amply supported by the facts.

The motion for rehearing is overruled.

*Overruled.*