**Larry D. CHATMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48577.**

Court of Criminal Appeals of Texas.

June 5, 1974.

John F. Simmons, Dallas, for appellant.

Henry Wade, Dist. Atty. and George B. Shepherd, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

A jury convicted appellant of robbery by assault upon his plea of guilty; the punishment assessed by the jury was twenty-five (25) years.

The robbery to which appellant plead guilty after being duly admonished occurred on January 2, 1973. Charles· Lutrick was the manager of the Community Finance office on Cásal Linda in Dallas. About 2:20 P.M., Lutrick came from the back of the office and saw appellant with a pistol in his hand at the cashier's desk. By pointing the pistol at Lutrick and putting him in fear of his life, appellant robbed him of $319 in money. Both Lutrick and the cashier positively identified appellant as the robber.

About 3 P.M. the same day, the robbery having been reported to the Dallas Police, appellant was arrested crouched behind some barrels, with a loaded pistol in his hand, not far from the place of the robbery. Most of the money and the sack which was used to carry the money were recovered in the yard adjoining the place where appellant was arrested. The appellant did not testify.

First, appellant complains of the argument of the Assistant District Attorney as follows:

"Lastly, stiff punishment. That's where you come in. That is the last link in law enforcement and if it is not carried through, then may as well just forget it. The District Attorney's office may as well say to heck with trying to get them to trial while they are still fresh. The Police Department might as well say, 'Well, why risk my life. . . .' "

He equates this argument to arguments that "You might as well burn the courthouse down." Cases dealing with such arguments are here noted.

In Pemberton v. State, 55 Tex.Cr.R. 464, 117 S.W. 837, the remarks were:

"Gentlemen of the jury, are you going to turn this defendant loose? If you do not convict the defendant in this case, than you had as well close the doors of justice, burn up the law books, tear down the courthouses, and let anarchy reign in this country."

Objections were overruled. This Court refused to reverse.

In Bushiey v. State, 128 Tex.Cr.R. 1, 79 S.W.2d 124, the argument objected to was:

"If you turn the defendant loose you might just as well burn the courthouse, tear up the law books and fire District Judge Reuben Hall."

No reversal was ordered.

In Williams v. State, 122 Tex.Cr.R. 269, 54 S.W.2d 121, in commenting on a similar argument, Judge Hawkins wrote approval of the statement in *Pemberton,* supra:

"Though this flight of imagination may not with propriety be cited as a model of eloquence nor an example of logic, it cannot be assumed that the verdict of the jury was responsive to the extravagant statement of counsel rather than to the facts adduced upon the trial."

No reversal resulted.

Similar arguments were held not to be reversible error in Cross v. State, 129 Tex.Cr.R. 526, 89 S.W.2d 217; Coats v. State, 98 Tex.Cr.R. 314, 265 S.W. 891; Rutherford v. State, 104 Tex.Cr.R. 127, 283 S.W. 512. We have not been cited to any case in which such argument called for reversal.

■ The argument here complained of was not such an argument. It was no more than an explanation to the jury of the necessary part played by the jury in the legal process of law enforcement, and, as such, it was not improper. Brannon v. State, 164 Tex.Cr.R. 83, 296 S.W.2d 760.

We overrule ground of error number one.

■ In his second contention, appellant invites us to reverse because the State's witness English, being asked about appellant's composure at the time of the robbery, made the non-responsive answer that "he acted like he had done it before." Objection was sustained and the jury was instructed not to consider. Then the Assistant District Attorney asked the witness, "I will ask you—you said that he acted like he knew what he was doing." This question was not answered, the court sustained the objection and instructed the jury not to consider the question. Motions for mistrial were overruled. As we have so often said, the instructions rendered the errors harmless. We overrule ground of error number two.

In his ground of error number three, appellant asserts that the court erred in not permitting him to make the closing argument to the jury.

■ The State has the right to make the concluding argument by the terms of Art. 36.07, Vernon's Ann.C.C.P., which reads:

"The order of argument may be regulated by the presiding judge; but the

State's counsel shall have the right to make the concluding address to the jury. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

See Cherry v. State, Tex.Cr.App., 488 S.W.2d 744, cert. denied, 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199.

We overrule ground of error number three.

The judgment is affirmed.

Opinion approved by the Court.