# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00597-CR

**Howard Carroll, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
### NO. 00-869-K277, HONORABLE DONALD HUMBLE, JUDGE PRESIDING

Appellant Howard Carroll, Jr. appeals from his convictions for aggravated assault with a deadly weapon. *See* Tex. Pen. Code Ann. ' 22.02(a)(2) (West 1994).  On Count One, the jury assessed appellant≤s punishment, enhanced by a prior felony conviction, at imprisonment for ninety-nine years and a fine of $10,000.  On Count Two, the jury assessed appellant≤s punishment, enhanced by a prior felony conviction, at imprisonment for sixty years and a fine of $10,000.  On appeal, appellant complains of prosecutorial misconduct and of excessive punishment, and urges that one of the jurors was absolutely disqualified.  We will affirm the judgment.

In his first point of error, appellant asserts that:  AAppellant≤s fundamental right to a fair trial under the Fourteenth Amendment to the United States Constitution was violated when the prosecutor intimated to the jury during voir dire that the defendant had been previously convicted of a felony and the judge erroneously denied appellant≤s motion for mistrial.@

In a two-count indictment, appellant was charged with assaulting his wife and her sister with a deadly weapon.  To enhance appellant≤s punishment, the State alleged that appellant

had been convicted of a prior felony offense. Appellant claims the prosecutor, during his jury voir dire while attempting to determine whether the prospective jurors could assess the maximum punishment provided, suggested to the panel that the defendant had been previously convicted of a felony.

At the time of trial, appellant made no objection on constitutional grounds. Thus, he failed to preserve for appellate review the issue he presents on appeal. Even constitutional error may be waived by failure to object at trial. *Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Garcia v. State,* 887 S.W.2d 846, 861 (Tex. Crim. App. 1994). To preserve error for appellate review, the complaining party must make a timely, specific objection and obtain a ruling on that objection. *See* Tex. R. App. P. 33.1; *Broxton*, 909 S.W.2d at 918. The point of error on appeal must correspond with a trial objection. *Id.* At trial, without an objection and without asking the trial court to admonish the jury to disregard the prosecutor=s comments alleged to be improper, counsel made an untimely request for a mistrial.[1] This untimely request preserved nothing for review. *See Ashcraft v.*

---

[1] Shorn of redundancies and immaterial matter, we quote from the pertinent part of the prosecutor=s voir dire.

> The second phase of the trial is the punishment phase. . . . But, we don=t get the opportunity to stop after the guilt/innocence and voir dire. So, we have to ask you about these things now. . . . Basically, when you are talking about aggravated assault with a deadly weapon, you are talking about a second degree felony, which as a second degree felony is punishable by from two to 20 years in prison and an optional fine . . . . Now, if there is a second felony offense . . . and a defendant had previously been convicted of a felony offense, . . . then the range [of punishment] would be bumped up or enhanced. . . .

> A second degree felony can be bumped up to a first degree. And in a first degree, the range . . . would be from five years to 99 years in prison or life in prison. . . . You are talking about a minimum, and you are talking about a maximum, from five years to 99 years in prison or life. . . . [W]e cannot go into specific facts about the case.

So, I may have to call on you to use your -- not imagination, but to think about in hypotheticals.

. . . Now, considering that full range of punishment, would you be able to consider -- now notice, I=m not asking you will you be able to give this, I=m just asking you will you be able to keep an open mind and consider the full range of punishment under any imaginable facts of circumstance that you could think of for that type of offense? . . . [N]either side, we can=t go into the specific facts about a case, but . . . would you be able to consider life in prison as punishment for an aggravated assault with a deadly weapon?

[Defense Counsel]:  May we approach, Your Honor?

*State*, 900 S.W.2d 817, 832 (Tex. App.CCorpus Christi 1995, pet. ref=d). Even if appellant had preserved the claimed error, the jury voir dire was not improper.

---

THE COURT:    Yes.

(At the Bench, on the record.)

[Defense Counsel]:  I respectfully submit that counsel has all but told this jury that the defendant has a prior conviction.  She has not couched it in any hypothetical.  She has told them to use their imagination and to express it in -- ask you to express it in terms of concerning what I have told you about this and the full range of punishment.  I suggest to you, Judge, she has told this jury that he has a prior conviction and, therefore, move the Court for a mistrial at this time.

THE COURT:    I will deny the motion . . . .

(Bench discussion concluded.)

**4**

When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment reciting such convictions shall not be read to the jury until the hearing on punishment. *See* Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (West Supp. 2002). However, where the jury may be called upon to assess punishment, both the State and the defendant have a right to qualify the jury on the full range of punishment. *Bevill v. State*, 573 S.W.2d 781, 783 (Tex. Crim. App. 1978). Thus, it is proper to inform the jury on the full range of punishment applicable to an offense which is enhanced by one prior felony offense. *Id.*; *see also Martinez v. State*, 588 S.W.2d 954, 956 (Tex. Crim. App. 1979). A prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes, but it may not inform the jury of any of the specific allegations contained in the enhancement paragraph of a particular defendant=s indictment. *Frausto v. State*, 642 S.W.2d 506, 509 (Tex. Crim. App. 1982); *see also Tutt v. State*, 940 S.W.2d 114, 119 (Tex. App.CTyler 1996, pet. ref=d); *Johnson v. State*, 901 S.W.2d 525, 532 (Tex. App.CEl Paso 1995, pet. ref=d); *Gentry v. State*, 881 S.W.2d 35, 40 (Tex. App.CDallas 1994, pet. ref=d); *Smith v. State*, 873 S.W.2d 771, 773 (Tex. App.CFort Worth 1994, pet. ref=d); *Martin v. State*, 780 S.W.2d 497, 501 (Tex. App.CCorpus Christi 1989, pet. ref=d). We conclude that the prosecutor=s jury voir dire was not improper. Appellant=s first point of error is overruled.

In his second point of error, appellant insists that his AEighth Amendment right to be free of excessive punishment was violated by the imposition of a ninety-nine year sentence.@ Appellant argues that he preserved this issue for review by his motion for new trial.  However, appellant failed to object timely by raising this issue when the jury=s verdict was returned and received by the trial court, and appellant failed to object and raise this issue when he was given the opportunity to do so at the time his sentence was pronounced.  Assuming the error claimed was preserved for appellate review, we find appellant=s claim without merit.

To determine whether punishment is disproportionate to the crime committed, Texas courts have generally followed and applied the test adopted by the United States Court of Appeals for the Fifth Circuit in *McGruder v. Puckett*, 954 F.2d 313 (5th Cir. 1992).  *See, e.g., Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.CFort Worth 2001, pet. ref=d); *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.CEastland 2001, pet. ref=d); *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d); *Dunn v. State*, 997 S.W.2d 885, 891-92 (Tex. App.CWaco 1999, pet. ref=d); *Jackson v. State*, 989 S.W.2d 842, 845 (Tex. App.CTexarkana 1999, no pet.); *Mathews v. State*, 918 S.W.2d 666, 669 (Tex. App.CBeaumont 1996, pet. ref=d); *Puga v. State*, 916 S.W.2d 547, 549-50 (Tex. App.CSan Antonio 1996, no pet.); *Lackey v. State*, 881 S.W.2d 418, 421 (Tex. App.CDallas 1994, pet. ref=d).

Initially, it is necessary to determine whether the severity of the punishment is commensurate with the gravity of the offenses committed.  *See McGruder*, 954 F.2d at 316.  If it is determined that the punishment assessed is grossly disproportionate to the offenses committed, a reviewing court should then

**6**

consider and compare (1) punishment for similar crimes in the same jurisdiction, and (2) punishment for the same crime in other jurisdictions. *Id*.

We will consider the gravity of appellant=s offenses in relation to the claimed harshness of his punishment. Appellant had a prior felony conviction for assault. The range of punishment provided for the offense with which appellant was charged is imprisonment for life or for any term of not more than ninety-nine years or less than five years. Tex. Pen. Code Ann. '' 12.32, 12.42 (West 1994 & Supp. 2002).

Appellant had been convicted previously in Florida of the felony offense of assaulting a police officer. In addition, appellant had been convicted in Florida of the misdemeanor offenses of battery, criminal mischief, theft, and disorderly intoxication. Prior to the instant offenses, appellant had stabbed his wife, Sarah, with a screwdriver, struck her in the eye with his fist, and knocked her to the ground. Appellant had threatened serious harm to Sarah and their baby. Appellant had rendered Sarah=s automobile inoperable by pouring sugar in the gas tank. Once, when appellant was in jail as a result of assaulting Sarah, he asked her to change her version of the assault to get the charge against him dropped. Before his marriage to Sarah, during a prior relationship with a woman named Shannon, appellant choked and threatened to kill Shannon. While he was under a protective order that Shannon had obtained, appellant threatened Shannon with a knife. On another occasion, appellant cut the hair from Shannon=s head with a steak knife, proclaiming no one else would want her.

To summarize, appellant had five prior criminal convictions; he had a history of escalating violent behavior against women and police officers; he had repeatedly assaulted and abused two different women; previously, in committing numerous assaults, appellant had used knives and clubs against his victims

7

as he did in the instant cases. Considering the evidence of appellant=s previous criminal behavior which was similar to his assaults in these cases, we conclude his punishment was not disproportionate to the crimes of which he was convicted. Therefore, we need not consider and compare appellant=s punishment with punishment for similar crimes in this or other jurisdictions. Moreover, the record of which we may properly take cognizance contains no evidence to show the punishment received for similar crimes in this or other jurisdictions. Appellant=s second point of error is overruled.

In his third point of error, appellant asserts that the trial court erred in refusing to grant his motion for new trial. The essence of appellant=s complaint is that he was convicted by a jury of only ten qualified jurors. Not less than twelve jurors can render and return a verdict in a felony case; in certain circumstances, the parties may agree to discharge a juror and to accept an eleven-member jury verdict. *See* Tex. Code Crim. Proc. Ann. art. 36.29(a), (c) (West Supp. 2002). In this case, the parties mutually agreed to the discharge of one of the jurors and to accept the verdict of the remaining eleven-member jury. The eleven jurors returned a guilty verdict.

In his amended motion for new trial, appellant alleged that after his trial and conviction, it was discovered that one of the eleven serving jurors was not a citizen of Williamson County. It is undisputed that the juror was not a citizen of Williamson County. Appellant contends that the non-citizen of Williamson County was absolutely disqualified to serve as a juror and that reversal of the judgment is required under the provisions of article 44.46 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 44.46 (West Supp. 2002).[2] However, a juror=s disqualification for not being a citizen of the

---

[2] A conviction in a criminal case may be reversed on appeal on the ground that a juror in the

**8**

case was absolutely disqualified from service under article 35.19 of this code only if:

> (1)  the defendant raises the disqualification before the verdict is entered; or

(2) the disqualification was not discovered or brought to the attention of the trial court until after the verdict was entered and the defendant makes a showing of significant harm by the service of the disqualified juror.

Tex. Code Crim. Proc. Ann. art. 44.46 (West Supp. 2002).

county where he or she serves is not an absolute disqualification. *See* Tex. Code Crim. Proc. Ann. arts.

35.16(a), .19 (West 1989).[3]

---

[3] **Art. 35.16.  Reasons for challenge for cause**

(a)  A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury.  A challenge for cause may be made by either the state of the defense for any one of the following reasons:

1.That he is not a qualified voter in the state and county under the Constitution and laws of the state; provided, however, the failure to register to vote shall not be a disqualification;



2.That he has been convicted of theft or any felony;

3.That he is under indictment or other legal accusation for theft or any felony;

4.That he is insane; . . .

Tex. Code Crim. Proc. Ann. art. 35.16 (West 1989).

### Art. 35.19.  Absolute disqualification

No juror shall be impaneled when it appears that he is subject to the second, third or fourth cause of challenge in Article 35.16, though both parties may consent.

*Id*. art. 35.19.

A[T]he requirement that a juror be a county citizen is not an absolute requirement that cannot be waived.@ *Mayo v. State*, 4 S.W.3d 9, 12 (Tex. Crim. App. 1999). Here, appellant did not challenge the juror on the ground that she was not a citizen of Williamson County before she was accepted and served as a juror. Thus, appellant waived his right to challenge the juror. *Id.*; *Gaona v. State*, 733 S.W.2d 611, 617-18 (Tex. App.CCorpus Christi 1987, pet. ref=d); *Matthias v. State*, 695 S.W.2d 736, 740 (Tex. App.CHouston [14th Dist.] 1985, pet. ref=d). Because appellant waived his right to timely challenge the juror, his complaint on appeal is without merit. Appellant was not convicted by a jury of only ten members. Appellant=s third point of error is overruled.

In his fourth point of error, appellant complains that he was denied a fair trial because the prosecutor, in closing jury argument, argued matters that were not in the record and which were designed to inflame the jury. Specifically, appellant argues: AThe prosecutor, arguing outside the record, on closing makes immediate reference to September 11th, Pearl Harbor and terrorism and then goes on to say, >I don=t want to make really any other comparisons other than the fact you know, based on the evidence, you know who terrorized whom with respect to this fact situation . . . =@ When the prosecutor made the complained of statements, appellant made no objection. Therefore, the alleged error was not preserved for appellate review.

The argument in this case might be compared to that in *Brown v. State*, 353 S.W.2d 425 (Tex. Crim. App. 1962). There the prosecutor argued to the jury that the Adead of World War I and II did not die in vain. They died to make sure of democracy; they died to give everybody freedom. Their deaths

13

demand that you give this man death in the chair for the thing he did in this case.@ *Id*. at 429. The Court of

Criminal Appeals said:

> It is difficult to understand how the argument could have influenced the jury in this case. This Court has held that language which may be objectionable may be so illogical, fanciful or extravagant as to require a conclusion that it could not have influenced the jury in arriving at their verdict.@

*Id*. at 430. Among the cases cited in *Brown* is *Coats v. State*, 265 S.W. 891 (Tex. Crim. App.

1924).[4] By failing to make a timely objection, appellant failed to preserve his complaint for appellate

review. Appellant=s fourth point of error is overruled.

The judgment is affirmed.

---

[4] In *Coats*, the prosecutor argued:

Gentlemen, if you should fail to convict this defendant, the Statue of Liberty would hang her head in shame; you had as well tear down the courthouse and plant the ground upon which it stands in a corn patch so they could use it, and manufacture liquor and serve it to the public; the sheriff of this county had as well surrender his commission, because his acts will be for naught.

The reviewing court commented:

Though this flight of imagination may not with propriety be cited as a model of eloquence nor an example of logic, it cannot be assumed that the verdict of the jury was responsive to the extravagant statement of counsel rather than to the facts adduced upon the trial. In the reviewing court, the verdict having the sanction of the trial court and the evidence heard are important elements in estimating the effect of remarks of counsel which, though improper, are not obviously harmful.

*Coats v. State*, 265 S.W. 891, 892 (Tex. Crim. App. 1924).

Carl E. F. Dally, Justice

Before Justices Kidd, Puryear and Dally[*]

Affirmed

Filed:   August 30, 2002

Do Not Publish

[*]   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).